## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| MIRYAN R. Q-S., | No. 26-cv-1681 (KMM/JFD) |
| Petitioner, | |
| v. | **ORDER** |
| PAMELA BONDI, *Attorney General, United States Department of Justice*; et al., | |
| Respondents. | |

This matter is before the Court on the Verified Petition for a Writ of Habeas Corpus filed by Petitioner Miryan R. Q-S. (hereafter "Miryan RQS" or "Petitioner"). (Dkt. 1.) On February 27, 2026, the Court Ordered Respondents to show cause why the petition should not be granted. (Dkt. 3.) Respondents argue that this case should be dismissed or transferred to the United States District Court for the Western District of Texas because Miryan RQS was detained in Karnes City, Texas at the time the petition was filed. (Dkt. 5.) Having reviewed the petition, the response, and Petitioner's reply (Dkt. 6), the Court transfers this case to the Western District of Texas.

## BACKGROUND

Miryan RQS is a citizen of Ecuador. She entered the United States without inspection in late October 2024 and was released on her own recognizance. On January 13, 2026, agents from Immigration and Customs Enforcement (ICE) arrested Miryan RQS in Bloomington, Minnesota after she attended her regularly scheduled appointment for an ICE supervision program. When she arrived for her meeting, "she was instructed to leave her phone and was brought to a separate room. Federal agents in full tactical gear then entered that room, handcuffed [Petitioner],

1

blindfolded her, escorted her out of the building, and then took her to [the Bishop Henry Whipple Federal Building at Fort Snelling, Minnesota]." (Dkt. 1 ¶ 30.) After her arrest, ICE "transferred [Miryan RQS] to Karnes County Immigration Processing Center in Karnes City, Texas," where she was detained at the time the petition was filed on February 27, 2026. (*Id.* ¶ 5.) Indeed, she was transferred to the ICE facility in Karnes City on January 13, 2026 "due to bed space constraints in Minnesota," and she "has been detained at the Karnes City facility continuously since February 5, 2026, and was there on the day … the petition in this case was filed on February 27, 2026." (Minner Decl. ¶ 7 (Dkt. 5-1).)

## DISCUSSION

Respondents challenge the Court's jurisdiction to address this matter because ICE transferred Petitioners to the Western District of Texas more than two weeks before they filed the petition. Relying on *Rumsfeld v. Padilla*, 542 U.S. 426 (2004), Respondents argue Miryan RQS's pre-filing transfer to Texas prevents this Court from adjudicating her petition.[1] (Dkt. 5.) The Court agrees.

In *Padilla*, the Supreme Court considered whether the petitioner, who the federal government transferred into military custody at a naval brig in South Carolina prior to his filing of a habeas petition, properly filed his petition in the Western District of New York. 542 U.S. at 430–32. The Court held that the proper respondent in a habeas case challenging physical custody is the petitioner's "immediate custodian." *Id.* at 439, 442. Further, based on the language in 28 U.S.C. § 2241(a), the Court concluded that "jurisdiction over [the] habeas petition lies in [a particular district court] only if it has

---

[1] Respondents acknowledge that *Padilla*'s use of the term "jurisdiction" does not relate to the Court's subject-matter jurisdiction. (Dkt. 5 at 3 n.1.)

jurisdiction over [the immediate custodian]." *Id.* at 442. But in explaining these rules, the Court was clear that it was not addressing subject-matter jurisdiction. *Id.* at 434 n.7 ("The word 'jurisdiction,' of course, is capable of different interpretations. We use it in the sense that it is used in the habeas statute, 28 U.S.C. § 2241(a), and not in the sense of subject-matter jurisdiction of the District Court."); *see also id.* at 451 (Kennedy, J., concurring) (explaining that the "immediate custodian" and "territorial jurisdiction" rules "are not jurisdictional in the sense of a limitation on subject-matter jurisdiction").[2] The Court, therefore, finds that Petitioner's pre-filing transfer does not deprive the court of subject-matter jurisdiction. *See Mathena v. United States*, 577 F.3d 943, 946 n.3 (8th Cir. 2009) (stating that even though petitioner did not file his habeas in the district where he was confined that "defect did not deprive the district court of subject matter jurisdiction").

Even though the Court has subject-matter jurisdiction, that conclusion does not end the inquiry regarding the proper forum for Miryan RQS's challenge to her current confinement. Respondents argue that the Court should transfer the petition to the Western District of Texas. *Padilla* states that the proper forum for a habeas petition challenging physical detention is in the district where the petitioner is confined. 542 U.S. at 443 ("[F]or core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement."); *id.* at 442 ("Accordingly, with respect to habeas petitions 'designed to relieve an individual from oppressive confinement,' the traditional rule has always been that the Great Writ is 'issuable only in the district of

---

[2] Although the Court did not ultimately resolve precisely the doctrine to which these rules belong, the *Padilla* concurrence indicates that they are "best understood as a question of personal jurisdiction or venue." 542 U.S. at 451 (Kennedy, J., concurring).

confinement.'" (quoting *Carbo v. United States*, 364 U.S. 611, 618 (1961)). The district of confinement in this case is the Western District of Texas. The Western District of Texas was also the district of confinement when Miryan RQS's counsel filed the verified habeas petition in this District. Accordingly, the proper forum for the petition in this case is in the Western District of Texas, not this Court.

"An exception [to the district-of-confinement rule] is recognized, however, where the petitioner's location is unknown at the time of filing—such as when the petitioner is in transit—or where immigration authorities have not disclosed where the petitioner is being detained or by whom, and circumstances have prevented or precluded contact with counsel." *Adriana M.Y.M. v. Easterwood*, No. 26-cv-213 (JWB/JFD), 2026 WL 184721, at *2 (D. Minn. Jan. 24, 2026); *Aleksander B. v. Trump*, No. 26-cv-170, 2026 WL 172435, at *2 (D. Minn. Jan. 22, 2026) (collecting cases that recognized this exception).[3] But this exception does not apply here because the allegations in the petition show that Petitioner's counsel knew she was located in Texas at the time the petition was filed, and that they had been there for some time. (Dkt. 1 ¶ 5.) Under these circumstances, the Court finds that transfer to the district of confinement is the appropriate result. *E.g.*, *Jonnathan X.D.B. v. Kristi Noem*, No. 26-cv-588 (DWF/DJF), 2026 WL 222189, at *1 (D. Minn.

---

[3] This case differs materially from the undersigned's recent decision in *Aleksander B.* There, the petitioner's whereabouts were not known to counsel when the petition was filed and the respondents were not forthcoming with information when the petitioner's counsel asked them about his location for several days. 2026 WL 172435, at *3. Here, Miryan RQS was transferred out of this District several weeks before the petition was filed and the petition itself shows that her counsel knew she was not detained in Minnesota at that time.

Jan. 28, 2026) (finding that exception to district-of-confinement rule did not apply where counsel knew about petitioner's location in another district when the petition was filed but transferring to the place of confinement rather than dismissing based on the court's concerns that petitioner's detention was unlawful).[4]

## ORDER

For the reasons discussed above, **IT IS HEREBY ORDERED THAT** this matter is **TRANSFERRED** to the Western District of Texas. The Clerk of Court is directed to effectuate the transfer without delay.

Date: March 9, 2026                        *s/Katherine Menendez*
                                           Katherine Menendez
                                           United States District Judge

---

[4] The Court might reach a different decision if it appeared that transfers were being made specifically to obscure a petitioner's location, or to deprive a petitioner of accessing his counsel. There is nothing in the record before the Court to support either suggestion. And Respondents have presented evidence that the reason for the transfer here was a lack of available bed space in Minnesota. (Minner Decl. ¶ 7.)